IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-214-FL

| | | |
|---|---|---|
| ANTONIO LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE 44). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons noted, plaintiff's motion for attorney's fees is denied.

## BACKGROUND

Plaintiff commenced the instant matter on May 16, 2018, by motion to proceed in forma pauperis, with proposed complaint seeking judicial review of the denial of his application for disability insurance benefits. On July 20, 2018, defendant filed an answer seeking this court to affirm of the denial decision. Plaintiff filed a motion for judgment on the pleadings on September 18, 2018, and defendant filed a motion for judgment on the pleadings on January 18, 2019. Plaintiff responded in opposition to defendant's motion on January 28, 2019.

On April 29, 2019, United States Magistrate Judge Robert B. Jones, Jr., entered M&R recommending that plaintiff's motion for judgment on the pleadings be granted, defendant's

motion be denied, and the matter be remanded for further proceedings. Defendant did not file objections to the M&R, and this court adopted the M&R upon clear error review on July 8, 2019.

The instant motion for attorney fees under the EAJA followed, supported by a memorandum of law, fee contract, timesheet and EAJA calculations, and consumer price index data. Therein, plaintiff requests fees of $10,599.76 for 52.35 attorney hours of work. Defendant opposes the motion on the bases that he was substantially justified in his administrative and litigation positions, and, in the alternative, that the fee award should be reduced from the amount requested. In reply plaintiff contends defendant was not substantially justified, and plaintiff argues the amount of fees requested is reasonable, plus an additional $404.16 for time spent working on the EAJA reply brief.

## DISCUSSION

A.  Standard of Review

The EAJA provides for an award of reasonable attorney's fees and expenses in accordance with the following provision:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was <u>substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the statute provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . . The party shall also allege that the position of the United States was <u>not substantially justified</u>. Whether or not the position of the United States was <u>substantially justified</u> shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B) (emphasis added). "'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Id. § 2412(d)(2)(D).

Although the phrase "substantially justified" is not defined in the statute, the Supreme Court has interpreted the phrase to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2. The phrase, thus, does not connote "'justified to a high degree,' but rather 'justified in substance or in the main.'" Id. at 565. As such, the standard is comparable to one that is "satisfied if there is 'a genuine dispute,'" or "if reasonable people could differ as to the appropriateness of the contested action." Id. "The United States has the burden of showing that its position was substantially justified." United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013).

"[W]hen determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). "[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion." EEOC v. Clay Printing Co., 13 F.3d 813, 815 (4th Cir. 1994).

B.  Analysis

The government asserts that it was substantially justified at all stages of the proceedings in this case. The court agrees.

In seeking affirmance of the ALJ decision in this case and opposing plaintiff's motion for judgment on the pleadings, the government raised reasonable arguments supported by the record and case law existing at the time. The M&R, which thoroughly considered the parties' arguments and ultimately recommended ruling in favor of plaintiff, demonstrates that "reasonable people could differ as to the appropriateness of the contested" decision. Pierce, 487 U.S. at 565. Indeed, the M&R found all but one of plaintiff's asserted bases for remand addressed in the M&R to be without merit. (See M&R at 5-21).

As to the final issue that warranted remand, an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE") testimony, (see id. at 22-23), the government raised reasonable arguments based upon existing law and for distinguishing existing law requiring remand. (See Def's Mem. (DE 39) at 23-24). In particular, the government first argued that the VE's testimony that plaintiff could perform the job of surveillance system monitor, while limited to simple, routine, and repetitive tasks, did not present an apparent conflict with the DOT classification of the job as a "reasoning level three." (Id. at 23). The government acknowledged that Keller v. Berryhill, 754 F.App'x 193, 198 (4th Cir. 2018), held that there was an apparent conflict between an residual functional capacity ("RFC") for "short, simple instructions" and reasoning level three jobs. (Def's Mem. (DE 39) at 23 (citing Keller, 754 F.App'x at 198) (emphasis added)). The government reasonably sought to distinguish Keller, however, arguing: "The present case is distinguishable from Keller because 'simple instructions' was the

4

operative term in the RFC in Keller," whereas here "we have an RFC that is described in terms of simple 'tasks' and not 'instructions.'" (Id. at 24).

The government's attempt to distinguish Keller on this basis was substantially justified and a reasonable litigation position. The United States Court of Appeals for the Fourth Circuit has since recognized after Keller, albeit in the context of reasoning level two jobs, that there may be a "meaningful difference" between "simple, routine, repetitive tasks" and "short, simple instructions." Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019) (quoting Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019)) (emphasis added). Moreover, in finding an apparent conflict with the job of surveillance system monitor, at reasoning level three, the M&R relied upon prior unpublished decisions by this court, (M&R at 22), the latest of which expressly recognized inconsistency among district court decisions and that "there is no Fourth Circuit opinion directly on point." Meadows v. Berryhill, No. 4:17-CV-105-FL(2), 2018 WL 3596064, at *4 (E.D.N.C. July 3, 2018). In this context, the government's argument was a "reasonably substantiated position[,]" even though the court determined it was incorrect. Roanoke River Basin Ass'n, 991 F.2d at 139.

In addition, the government reasonably argued that, even if the court found an unresolved apparent conflict with the level three occupation, "it would be a harmless error" on the basis of level two positions identified by the ALJ. (Def's Mem. (DE 39) at 24). While the government incorrectly identified both "addresser and document preparer" as level two positions, where only "addresser" is a level two position, (see M&R at 22), the government's argument in favor of a harmless error analysis was nonetheless reasonable. In the M&R, the magistrate judge discussed this argument as applied to the addresser position in detail. (Id. at 22-23). In rejecting this argument, the magistrate judge relied upon a recent decision by this court, post-dating the

5

government's brief, in which the court reasoned there was "no meaningful distinction between short, simple instructions and simple and routine tasks." Johnson v. Berryhill, No. 5:17-CV-548-FL, 2019 WL 1294643, at *3 (E.D.N.C. Mar. 20, 2019). However, as noted previously, the Fourth Circuit has since held in the context of reasoning level two jobs, that there may be a "meaningful difference" between "simple, routine, repetitive tasks" and "short, simple instructions." Lawrence, 941 F.3d at 143. The government's argument based on this precise distinction was not unreasonable.

Plaintiff argues that the government was not substantially justified because the government "raised post hoc arguments to defend the ALJ's findings despite the fact that there is longstanding Circuit law prohibiting reliance on post hoc reasoning." (Reply (DE 47) at 3). The government, however, did not advance a post hoc reasoning argument, but rather a "harmless error" argument. (Gov's Mem. (DE 39) at 24). The Fourth Circuit has recognized the potential viability of harmless error arguments, including in recent cases in this context. See, e.g., Lawrence, 941 F.3d at 143 n. 6; Thomas, 916 F.3d at 314 n. 7; Keller v. Berryhill, 754 F. App'x 193, 199 (4th Cir. 2018) ("We are aware that some of our sister circuits have applied harmless error analysis when an ALJ has relied on VE testimony that conflicts with the DOT."). Thus the government was substantially justified in relying, in part, on a harmless error argument.

Plaintiff also suggests that Thomas, which was decided just a few days before the government's brief in support of judgment on the pleadings was filed, forecloses government's position. Similar to Keller, discussed above, however, Thomas addressed an RFC "limited to short, simple instructions," not "simple, routine, repetitive tasks," as here. Thomas, 916 F.3d at 314. Accordingly, the government did not advance an unreasonable litigation position in distinguishing only Keller and not mentioning Thomas.

6

In sum, the government's arguments were substantially justified at all stages of the proceedings in this case. Therefore, plaintiff's motion for EAJA fees must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees (DE 44) under the EAJA is DENIED.

SO ORDERED, this the 23rd day of January, 2020.

                                              LOUISE W. FLANAGAN
                                              United States District Judge